594 A.2d 769

**Grover BATTLE, Appellant,**

**v.**

**PHILADELPHIA HOUSING AUTHORITY.**

Superior Court of Pennsylvania.

Argued May 7, 1991.

Decided Aug. 12, 1991.

Andrew B. Shaw, Philadelphia, for appellant.

Esther Hornik, Bala Cynwyd, for appellee.

Before ROWLEY, President Judge, and CIRILLO and JOHNSON, JJ.

ROWLEY, President Judge.

May appellant Grover Battle maintain an action against appellee Philadelphia Housing Authority ("the Authority") to recover for injuries allegedly suffered when he was attacked and beaten in the lobby of his residence, the "01" building of the Authority-owned Raymond Rosen Projects,

while in the presence of security guards, employed by the Authority, who failed to come to his aid? The trial court, which granted the Authority's motion for judgment on the pleadings in the order of September 6, 1990, from which this timely appeal is taken, held that he could not, as the Authority is a "local agency" and therefore immune from liability for negligence except in eight situations, specified in 42 Pa.C.S. § 8542(b), none of which the trial court considered applicable to appellant's situation. Appellant contends that the Authority is not entitled to immunity as a local agency and is liable under Section 323 of the Restatement (Second) of Torts for the negligent performance of an undertaking to render services (i.e., security).

Although decisions concerning the immunity of agencies such as the PHA are more appropriately made by the Commonwealth Court, recent decisions of that Court and of our Supreme Court resolve any uncertainty as to the outcome of the appeal before us. As we are therefore able, by retaining and deciding the present case, to further the cause of judicial economy without impairing the cause of judicial consistency, we will do so.

■ Having evaluated appellant's claims in light of the standard of review set forth in *Gallo v. J.C. Penney Casualty Insurance Company*, 328 Pa.Super. 267, 476 A.2d 1322, 1324 (1984), we reach the same result as did the trial court, but for a different reason. In *Crosby v. Kotch*, 135 Pa.Cmwlth. 470, 580 A.2d 1191 (1990), the Commonwealth Court, citing the opinion of our Supreme Court in *Marshall v. Port Authority of Allegheny County*, 524 Pa. 1, 568 A.2d 931 (1990), held that the Luzerne County Housing Authority was not a "local agency" entitled to governmental immunity but was instead a "Commonwealth agency" entitled to sovereign immunity. The Court based its decision on the language of Section 10 of the Housing Authorities Law, Act of May 28, 1937, P.L. 955, *as amended*, 35 P.S. § 1550 ("An Authority shall constitute a public body ... exercising public powers of the Commonwealth as an agency thereof ..."). Appellant acknowledges that the

PHA "was created and is covered by the Housing Authority [sic] Law ..." (Brief for Appellant at 8). Therefore, the Authority is a Commonwealth agency and, as such, may be held liable for negligence only if the negligent act falls within one of the nine categories, specified in 42 Pa.C.S. § 8522(b), for which sovereign immunity has been waived.

Appellant contends that § 8522(b) "is *not* an inclusive list of all situations under which a Commonwealth Party waives sovereign immunity" (Brief for Appellant at 10; emphasis in original). This statement, for which appellant cites no authority, is expressly contradicted by the language of § 8522(a), which states that sovereign immunity is waived "in the instances set forth in subsection (b) *only* ..." (emphasis added).

■   Appellant also maintains that if § 8522(b) is in fact an exhaustive list of exceptions to sovereign immunity, his cause of action nevertheless falls within one of the following two exceptions:

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

.    .    .    .    .

(3) Care, custody or control of personal property.—The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency [except for activities involving radioactive equipment, etc.].

(4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Com-

monwealth agency, except conditions described in paragraph (5) [Potholes and other dangerous conditions].
42 Pa.C.S. § 8522(b). Appellant cites no case law indicating that exception (3) is applicable to his case, and we perceive no connection between "personal property" and appellant's injuries.

■ After reviewing the applicable case law and noting the Supreme Court's insistence that the real property exception be strictly and narrowly construed, *Marshall v. Port Authority*, 524 Pa. at 7, 568 A.2d at 935, we conclude that appellant's reliance upon this exception is also unwarranted. In support of his claim that his own action falls within the real property exception, appellant cites *Mistecka v. Commonwealth*, 46 Pa.Cmwlth. 267, 408 A.2d 159 (1979), in which the Commonwealth Court held that the real property exception applied to a personal injury action brought by a plaintiff who was injured when unknown assailants threw a large rock from a local highway bridge onto plaintiff's car. as she was traveling on a state highway beneath the bridge. Appellant fails to note, however, that in *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989), the Supreme Court disavowed the rationale of *Mistecka, id.*, 522 Pa. at 435 n. 7, 562 A.2d at 312 n. 7, and held that "sovereign immunity is waived pursuant to 42 Pa.C.S. § 8522(b)(4), where it is alleged that the artificial condition or defect of *the land itself* causes an injury to occur," *id.*, 522 Pa. at 434–35, 562 A.2d at 312 (emphasis added).

Recent opinions of the Commonwealth Court apply the holding of *Snyder v. Harmon* to cases that are factually similar to the case at bar. In *Chambers v. Southeastern Pennsylvania Transportation Authority*, 128 Pa.Cmwlth. 368, 563 A.2d 603 (1989), appellant, who was injured in a fight with several rowdy youths who had harassed him on a SEPTA subway, argued that SEPTA, a Commonwealth party for immunity purposes, had negligently failed to provide adequate lighting and security and to warn passengers of unsafe conditions. The Commonwealth Court held that the real property exception to sovereign immunity did

not apply, as it was an unknown third party, rather than any defect in the property itself, which caused appellant's injury. Similarly, in *Alexander v. Com., Department of Public Welfare*, 137 Pa.Cmwlth. 342, 586 A.2d 475 (1991), appellant, a patient in a DPW-operated facility who was abducted from the facility and then raped, argued on appeal that the institution's allegedly negligent security measures had facilitated the criminal act. The Commonwealth Court held, however, that because appellant's injuries were not caused by the physical characteristics of the facility but by an intervening factor (i.e., the assailant), the real estate exception to sovereign immunity was not applicable.

In the case before us, appellant does not allege that his injury resulted from a defect in the building itself, but rather that it resulted from the failure of the Authority's security staff to prevent a third person's attack upon him. Appellant's claim to a waiver of sovereign immunity is legally indistinguishable from the cases just cited. Accordingly, we affirm the order of September 6, 1990, granting judgment on the pleadings to the Philadelphia Housing Authority.

Order affirmed.