Robert L. RAWLINGS and Carol Rawlings, Appellants,

v.

**BUCKS COUNTY WATER AND SEWER AUTHORITY**

v.

**ERNEST RENDA CONTRACTING CO., INC., Grube and Von Neida Associates, Inc., and Carroll Engineering Corporation.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1997.

Decided Nov. 3, 1997.

Hugh J. Bracken, Media, for appellants.

Joseph W. Pizzo, Bensalem, for appellees.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether a landowner may file an action in ejectment against a governmental body which took a portion of the landowner's property through an eminent domain action, but still remains upon a portion of the property not subject to the taking.

Robert L. and Carol Rawlings (Landowners/Rawlings) appeal from the order of the Court of Common Pleas of Bucks County that granted the preliminary objections of the Bucks County Water and Sewer Authority (Authority) dismissing Landowners' action in ejectment, which sought to remove the Authority from its unauthorized occupation of a portion of Landowners' property. We reverse and remand.

The history of this matter is as follows: On August 17, 1983, the Authority filed a declaration of taking to condemn a portion of the land owned by the Rawlings for the installation of a pumping station. The property is irregular in shape and connected to a public roadway by a narrow access strip. Had the pumping station been built according to the Authority's plans in the declaration of taking, there would be an access strip, eleven feet wide, from the public roadway to the Rawlings land. However, a portion of the pumping station was actually built beyond the condemned area, reducing the remaining access strip to an unusable width of less than eight feet, eliminating the contemplated use of the parcel for the construction of a residence.

Soon after the declaration of taking had been filed, all of the parties became aware that the pumping station was built so that it extended beyond the *de jure* taking area. As a result, Landowners introduced into the condemnation proceedings a claim for damages for a *de facto* taking of the land, outside of the original condemnation area. Following a jury trial, a verdict in the amount of $55,000 was entered in favor of the Rawlings for damages to the original *de jure* taking area, plus the encroachment *de facto* taking area.[1] The Authority filed post-verdict motion on the basis that there was no *de facto* taking. The Authority asserted that the encroachment was the result of the negligence of an independent contractor who lacked the power of eminent domain. Because there was no "taking" of the land in the encroach-

---

1. An advisory verdict was rendered by the jury in the amount of $10,000 for the original *de jure* taking area alone.

ment area, no compensation for that area was recoverable in the eminent domain proceeding. The Authority's post-verdict motion was granted, the verdict set aside and Landowners appealed to this Court. We affirmed, in *Bucks County Water Sewer Authority v. 9.180 Square Feet of Land,* 147 Pa.Cmwlth. 612, 608 A.2d 1109 (1992), holding that the trial court properly held that Rawlings' remedy was to seek damages in a civil action against the offending contractor.[2]

Having been denied compensation in the eminent domain proceedings for the portion of their land not taken by the Authority, Rawlings commenced an action in ejectment to remove the Authority from the land they own in fee simple. Rawlings also sought damages for a continuing trespass. The Authority filed preliminary objections, arguing that the complaint should be dismissed because: 1) the action is barred by the doctrine of res judicata; 2) Rawlings failed to join necessary parties; and 3) the Authority is entitled to governmental immunity. Based solely on the res judicata issue, the trial court granted the Authority's preliminary objections and dismissed Rawlings' complaint.

■ On appeal to this Court,[3] Rawlings argue that the trial court erred in dismissing their complaint under the doctrine of res judicata because neither the causes of action nor the issues are identical. In the alternative, Landowners argue that if we should find that res judicata applies that the continuing trespass has stayed the statute of limitations against the contractor. Finally, Rawlings assert that the Authority's claim that it is immune from the cause of action is erroneous.

■ Rawlings first argue that their claims are not barred under the doctrine of res judicata.[4] The essential inquiry as to whether the doctrine of res judicata is applicable to a particular matter is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights. *Callery v. Municipal Authority of Blythe,* 432 Pa. 307, 243 A.2d 385 (1968). In order for the doctrine of res judicata to apply in an action, four conditions must coalesce between the previous and present actions: 1) identity of persons and parties to the action; 2) identity of the thing sued upon; 3) identity of causes of action; and 4) identity of the quality or capacity of the parties suing or being sued. *Id.*

Rawlings assert that here in this common law ejectment action, they are claiming title to and seeking to regain possession of their real property by the removal of a portion of the pumping station owned and operated by the Authority that is currently, continuously and illegally occupying their land. Rawlings claim that the current action is intended to vindicate their title, ownership and possessory rights in their own real estate. They assert that ejectment is the appropriate form of action for settling a disputed title to real estate, *Carelli v. Lyter,* 430 Pa. 543, 244 A.2d 6 (1968), and ejectment is also the proper form of action to recover possession of land. *Soffer v. Beech,* 487 Pa. 255, 409 A.2d 337 (1979).

By contrast to this action in ejectment, the prior litigation, Rawlings assert, was a statutory eminent domain proceeding initiated by the Authority's filing of a declaration of taking. The purpose of the eminent domain matter was solely the determination of the proper amount of compensation due Rawlings for the acquisition by the Authority, under its right of eminent domain, of that portion of the Rawlings' land that was subject of the declaration, a *de jure* taking.

**2.** Commonwealth Court affirmed the trial court's grant of a new trial limited to damages only for the *de jure* taking. Landowners accepted $9,577.55 as compensation for the land condemned by the declaration of taking.

**3.** Our scope of review where the trial court sustains the preliminary objections is limited to whether there is competent evidence in the record to support the findings made or whether an error of law was committed. *Zettlemoyer v.*

*Transcontinental Gas Pipeline Corp.,* 151 Pa. Cmwlth. 393, 617 A.2d 51 (1992).

**4.** Under the doctrine of res judicata a final judgment upon the merits by a court of competent jurisdiction bars any future cause of action between the parties or their privies on the same cause of action. *J & L Steel Corp. v. Workmen's Compensation Appeal Board (Jones),* 145 Pa. Cmwlth. 201, 602 A.2d 912 (1992).

■ In the eminent domain proceeding, Rawlings attempted to obtain additional compensation for what they perceived a *de facto* taking of land, in addition to the land that was subject to the formal declaration. However, Rawlings' claim was rejected because the additional land was not taken by governmental authority clothed with the power of eminent domain. Rather, the encroachment onto Rawlings' land, beyond the area of the *de jure* taking, was determined to have resulted from the negligence of the Authority's contractors. Thus, the final judgment in the eminent domain proceeding covered only the part of Rawlings' land that was subject to the *de jure* taking, which Rawlings assert is not part of the subject matter of this case. We agree. The judgment did not reach the merits of Rawlings' claim for the area of the encroachment, nor did it address or determine the title or right to possession of that area on which a part of the pumping station encroaches.

The judgment in the eminent domain proceeding did not reach the merits of Rawlings' claim for compensation for the land not taken nor did it determine the title or right to possession of that area of land upon which part of the pumping station encroaches. Thus, since the causes of action, eminent domain versus ejectment, are not identical, the Rawlings' ejectment action is not barred by the doctrine of *res judicata.*

Rawlings further assert that the issues are not identical, as the eminent domain proceedings are limited to a determination of the amount of compensation payable for property actually taken. The court implicitly determined the Authority had not acquired title to the property and thus, was not required to pay compensation. However, the action in ejectment is seeking damages for such encroachment upon their property.

■ Had the encroachment been temporary and the government quit its occupation upon notice and demand by Rawlings, it might be just and logical to limit their recourse to a cause of action in trespass against the negligent contractor. However, 1 Restatement of Torts 2d § 158 imposes liability for trespass if the intruder remains on the land without consent. Further, this is a continuing trespass for the entire time during which the intruder is under a duty to remove the "thing" trespassing. 1 Restatement of Torts 2d § 160. Only if the legal possessor has been fully compensated by the intruder for the tortious conduct, does the continuing trespass cease. Comment d, 1 Restatement of Torts 2d § 161.

Because the Authority refuses to quit its occupation, and has knowingly exploited the benefit of its contractor's error, we hold that the Authority should be required to formally take and pay for the land, or be removed. A windfall at the expense of a property owner, as a fortuitous benefit of the negligence of its own agent and contractor, would be unjust. While the original insult to Rawlings' land may have been caused by the Authority's private contractors, we hold the continuing occupation of the property by the Authority's pumping station is a willful act of the Authority for which the Rawlings must be compensated.[5]

Finally the Authority claims immunity under two different, and mutually exclusive statutory provisions, 42 Pa.C.S. § 8541, which applies to local government agencies and 42 Pa.C.S. § 8521, which applies to Commonwealth agencies. Landowners assert that the Authority here is not entitled to immunity under either provision. We agree.

■ Rawlings' ejectment claim is not barred by the governmental immunity provisions of 42 Pa.C.S. § 8541, which provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local

---

5. Rawlings assert that if we hold that the contractors remain liable for the continuing trespass and not the Authority, that the statute of limitations against the contractors is tolled by the failure of the Authority to remove its pumping station. In *Deets v. Mountaintop Area Joint Sanitary Authority*, 84 Pa.Cmwlth. 300, 479 A.2d 49, 52 n. 3 (1984), we stated that the record indicates that the sewer remains on appellant's property which may constitute a continuing trespass thereby tolling the two-year statute of limitation for an action in trespass against real property. 42 Pa.C.S. § 5524. However, we need not reach this issue based upon our holding that *res judicata* does not bar Rawlings' cause of action in ejectment.

agency or an employee thereof or any other person." Governmental immunity is applicable only to claims that seek damages. Therefore, Landowners' action in ejectment, not seeking damages, is not barred. See *E–Z Parks, Inc. v. Larson,* 91 Pa.Cmwlth. 600, 498 A.2d 1364 (1985), *aff'd* 509 Pa. 496, 503 A.2d 931 (1986).

■ With respect to their claims for damages for continuing trespass by the Authority upon their land, we hold that Landowners' claim is permitted under the exceptions provided in 42 Pa.C.S. § 8542(b)(3) and (5), because the pumping station constructed by the Authority is "real property" which continues to cause injury to Landowners' property.

■ The Authority argued also before the trial court that it was a "Commonwealth agency" and entitled to immunity under 42 Pa.C.S. § 8521, based upon *Marshall v. Port Authority of Allegheny County,* 524 Pa. 1, 568 A.2d 931 (1990), and *Battle v. Philadelphia Housing Authority,* 406 Pa. Superior Ct. 578, 594 A.2d 769 (1991). However, neither of these cases addresses the question of whether an authority created pursuant to the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, 53 P.S. §§ 301–322, is entitled the sovereign immunity set forth in 42 Pa.C.S. § 8521. In *Marshall,* the agency involved was created under the Second Class County Port Authority Act, Act of April 6, 1956, P.L. (1955) 1414, added Act of October 7, 1959, P.L. 1266, 55 P.S. § 551, and not the Municipality Authorities Act of 1945. In *Marshall,* the Court relied on specific language of the Second Class Cities Port Authority Act which provides:

> There are hereby created bodies corporate and politic in counties of the second class, to be known as Port Authority of (insert name of county), which shall constitute public bodies corporate and politic; exercising the powers of the *Commonwealth as an agency thereof.*

*Id.* at 5, 568 A.2d at 933–934 (emphasis supplied in *Marshall* ). There is no such language in the Municipality Authorities Act of 1945. Likewise in *Battle,* the agency involved was created pursuant to the Housing Authorities Law, Act of May 28, 1937, P.L.

955, 35 P.S. §§ 1541–1571, and not the Municipality Authorities Act of 1945.

The Pennsylvania legislature was clear to designate agencies organized under the Second Class Cities Port Authority Act and the Housing Authority Act as Commonwealth agencies. It is equally clear that the legislature intended that entities created pursuant to the Municipality Authorities Act of 1945 would be deemed "local agencies," with the same immunity as municipalities that created them. Thus, the Authority here, is not entitled to sovereign immunity provided by 42 Pa.C.S. § 8521.

Therefore, we hold that the trial court erred in holding that res judicata applied and also hold that the Authority is not immune from Rawlings' cause of action. Accordingly, we reverse and remand.

### ORDER

AND NOW, this 3rd day of November, 1997, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is reversed and the case is remanded in accordance with the foregoing opinion.

Jurisdiction relinquished.