IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul F. Fagan and D. Mai-Lan     :
Fagan, husband and wife, and     :
Railroad Street Holdings, L.P.,     :
f/k/a Fagan Investments, L.P.     :
     :
          v.     : No. 322 C.D. 2022
     : Submitted: March 10, 2023
Bell Acres Municipal Authority,     :
Quaker Valley School District,     :
2009 Camp Meeting Trust a/k/a     :
The 2009 Campmeeting Road Trust,     :
Jennifer Ashley Wiebe as Trustee     :
of 2009 Camp Meeting Trust a/k/a     :
The 2009 Campmeeting Road Trust,     :
and Schneider Services, Inc.     :
     :
          v.     :
     :
Shoup Engineering, Inc., Kicinski     :
Environmental Services, LLC, and     :
Composite Design, Inc.     :
     :
Appeal of: Bell Acres Municipal     :
Authority     :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE               FILED: January 17, 2024

Bell Acres Municipal Authority (the Authority) appeals from the March 7, 2022 order of the Court of Common Pleas of Allegheny County (trial court) denying

the Authority's motion for summary judgment. On appeal, the Authority argues the trial court should have dismissed the claims of Paul F. Fagan, D. Mai-Lan Fagan, and Railroad Street Holdings, L.P., formerly known as Fagan Investments, L.P. (collectively, the Fagans), against the Authority because the Authority is entitled to immunity under Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541. Upon review, we affirm.

## I.    Background

The Fagans own three adjoining parcels of land in the Borough of Bell Acres, Allegheny County, Pennsylvania. Reproduced Record (R.R.) at 12a-13a. Those three parcels abut Camp Meeting Road, which the Fagans allege has a 33-foot-wide right-of-way. *Id.* at 13a. The Fagans, who believe a sewer line (the Sewer Line) was installed entirely on their property rather than within the bounds of the Camp Meeting Road right-of-way, initiated this matter by filing a Complaint in the trial court. *Id.* at 16a-17a.

In their Complaint, the Fagans allege that in 2010 the Quaker Valley School District (the District), which previously owned a parcel that adjoined the Fagans' property (Neighboring Property), reached an agreement with the Authority whereby the District would pay to install the Sewer Line, in compliance with the Authority's requirements, to service the Neighboring Property. *Id.* at 13a-15a. Shoup Engineering, Inc. (Shoup) designed the Sewer Line, and Schneider Services, Inc. (Schneider) physically installed the Sewer Line. *Id.* at 14a. The Fagans further allege that at some point before Schneider finished installing the Sewer Line, the District conveyed the Neighboring Property to the 2009 Camp Meeting Trust (the Trust), which then completed the project. *Id.* The Authority accepted ownership of the Sewer Line in late 2014. *Id.* at 15a.

2

The Fagans also claim they discovered sewage spilling onto their property after the Sewer Line was completed in 2012. R.R. at 15a. The Fagans reported this issue to the Authority, and although the Fagans claim they do not know if the issue was ever resolved, they have not alleged sewage spilled onto their property after 2012. *See id.* at 15a-17a. In early 2016, the Fagans claim they noticed a sinkhole forming on their property due to a break in a storm water line "located adjacent to and running along the Sewer Line, which was pierced and damaged during the installation and construction of the Sewer Line." *Id.* at 16a. The Fagans allege this caused damage to their property, the foundation of their spring house, and their fencing. *Id.* While investigating this sinkhole, the Fagans came to believe the Sewer Line was constructed entirely upon their property and outside the bounds of the Camp Meeting Road right-of-way. *Id.* at 14a.

The Fagans' Complaint, which they filed against the Authority, the District, the Trust, Schneider, Shoup, and other parties not relevant to this appeal, included the following four counts: (1) trespass, (2) negligence, (3) ejectment, and (4) injunctive relief. R.R. at 17a-20a. The Fagans requested damages, costs, an order directing the Authority to remove the Sewer Line from their property, and any other relief the trial court deemed appropriate. *Id.* at 17a-21a.

The trial court ultimately scheduled this matter for a jury trial. R.R. at 6a. On November 4, 2021, potential jurors arrived at the Allegheny County Courthouse and the parties selected a jury and were prepared to proceed to trial. *Id.* at 63a-65a, 68a, 76a. Rather than proceed to trial, however, the Fagans requested the case proceed in equity without a jury. *Id.* at 65a. The parties then engaged in the following on-the-record discussion, the outcome of which the parties dispute in this appeal:

> THE COURT: The Court is advised that [Counsel for the Fagans] has
> a motion for us.

3

[COUNSEL FOR THE FAGANS]: I do, Your Honor. Thank you. At this point in time, Your Honor, the plaintiffs are going to waive their claim in this lawsuit for any money damages associated with the proposed or as-built sewer system. That is all we're willing to waive at this point in time. As a result, we believe, Your Honor, this makes it into an equity claim and that equity claims should be heard non-jury.

THE COURT: Who wants to speak? [Counsel for Shoup], you may speak now.

[COUNSEL FOR SHOUP]: Thank you, Your Honor. On behalf of Shoup Engineering, we disagree with plaintiff[s'] position that it is now solely an equity claim to be tried to the Court because negligence and trespass causes of action remain in the plaintiff[s'] civil action. As long as negligence and trespass causes of action remain, it is a case-in-law and in equity and a right to a jury trial exists and therefore the case must proceed before a jury so long as those causes of action remain.

THE COURT: Okay. Anybody else on that side? [Counsel for the Authority]?

[COUNSEL FOR THE AUTHORITY]: Yes, Your Honor. We object for several reasons including what [Counsel for Shoup] just said. I incorporate what he just said. At this stage, it is prejudicial, obviously. We're in a situation where we brought cross-claims which would, in fact, seek contribution and indemnification which I believe [are] jury matters. Of course, I own the line which has nothing, zero, to do with placing the line where it was placed. So it seems to me this is a last minute attempt to try to bail out a claim that has no merit. I strenuously object. It is prejudicial to my client for reasons beyond what I articulate to the Court. Please note my objection to this whole proceeding. We are ready to go jury trial.

[COUNSEL FOR THE DISTRICT]: Your Honor, on behalf of the Quaker Valley School District, back in January of 2017 I filed preliminary objections on behalf of the school district and they were sustained as to the ejectment and injunction where we were dismissed as to the equitable, those counts, the equitable counts as the school district since we do not own the line. So if this case does proceed only as injunctive relief, I would move the Quaker Valley School District be dismissed because the only actions against us are trespass and --

THE COURT: Negligence.

4

[COUNSEL FOR THE DISTRICT]: And negligence, yes, Your Honor.

THE COURT: Anybody else? [Counsel for the Trust]?

[COUNSEL FOR THE TRUST]: Your Honor, I would just note that I think our position has been articulated before the Court but as long as those claims are still in existence, they carry with them a right to a jury trial and cannot be forced to a waiver.

[COUNSEL FOR THE AUTHORITY]: Your Honor, I apologize for getting up again, but we would like to reserve the right, if it's easier for the Court to do this, to file [a] dispositive motion or a motion in limine addressing this issue. We would rather not go to calendar control to do so. Do we have leave to do that?

THE COURT: If I gave you leave to file summary judgment, right?

[COUNSEL FOR THE AUTHORITY]: That is what I'm asking.

THE COURT: Then we could not proceed with this jury trial.

[COUNSEL FOR THE AUTHORITY]: If the Court is willing to allow plaintiff[s'] counsel to do what it is doing, my point is I think before we get to a non-jury trial, we have the right to file dispositive motions considering the vast change in circumstances that are confronting us.

[COUNSEL FOR THE FAGANS]: I have no objection to that.

THE COURT: Here's what we'll do.

[COUNSEL FOR SHOUP]: Your Honor, may I? I have an objection to that. I think it is prejudicial to my client.

THE COURT: You do or don't?

[COUNSEL FOR SHOUP]: I do have an objection to that. It is prejudicial to my client. We've spent a lot of time and money preparing for this case. As long as there is a claim pending that could cause a right to a jury trial, as there is, we have selected a jury and we're here –

THE COURT: [Counsel for the Authority] said if the negligence and trespasses are dismissed, he wants to file a summary judgment. Is that right?

5

[COUNSEL FOR THE AUTHORITY]: Your Honor, I preserve that right. I understand what [Counsel for Shoup] is saying but I have to preserve that right because I haven't thought through what this is going to do.

THE COURT: [Counsel for the Authority], if I dismiss those two claims, it would go in equity and then you want the right to question that?

[COUNSEL FOR THE AUTHORITY]: Frankly, I didn't --

THE COURT: To use your phrase, dispositive motion.

[COUNSEL FOR SHOUP]: And lastly, if Your Honor is going to grant the request to waive damages, obviously, that's an element of their causes of action so we ask that the causes of action be dismissed with prejudice.

THE COURT: Well, what I'm going to do is I'm going to grant the motion to waive damages but I'm also going to grant the motion to strike the negligent and trespass claims, okay. I will give them leave of 30 days to file any dispositive motion. . . .

[COUNSEL FOR THE FAGANS]: Your Honor, the only thing I have is if you're going to strike the negligence action, I understand, but the trespass action I respectfully disagree with but can we file something in response to that after your order? Are we able to address those issues when [Counsel for the Authority] addresses his issues moving forward?

THE COURT: If you want to argue the trespass, you can file, I'll read it when he files for summary judgment.

[COUNSEL FOR THE FAGANS]: Thank you, Your Honor.

THE COURT: [Counsel for the District], you want out? This is a friendly group. Why don't you want to stay?

[COUNSEL FOR THE DISTRICT]: My client has spent too much time and effort, Your Honor. I would like for us to be dismissed especially if the negligence is dismissed, the trespass. It is undisputed we didn't own the line, we didn't hire any contractors, we didn't design it. I would just like to be dismissed at this point to simplify matters, Your Honor.

6

THE COURT: [Counsel for the Fagans], do you have a response?

[COUNSEL FOR THE FAGANS]: I would like everyone to stay in the party. I understand the school district's position. I would say that if we, in fact, are proceeding in equity only, that the school district -- we can talk, obviously -- but then my position is they should stay in until dispositive motions have been heard and we respond to [Counsel for the Authority's] motions. At that point in time, if [Counsel for the District] is right, we'll let him out, but it shouldn't be done until all of the motions are heard and we are assured of moving forward in equity.

THE COURT: Well, I do think that the school board's involvement here, they sold the property to Fagan, right?

[COUNSEL FOR THE FAGANS]: That's correct.  They -- no, they sold the property to the Trust.

THE COURT: To the Trust, I'm sorry, the Trust. Then the Trust then had this line installed and Shoup designed it.  So the school board is out of it after the closing, correct?

[COUNSEL FOR THE FAGANS]:  Yes. I mean, they had benefit of the improvement to the property but --

THE COURT: Through assessment, through taxes.

[COUNSEL FOR THE FAGANS]: Correct.

THE COURT: Well, I'm going to let the school district out, okay?

[COUNSEL FOR THE DISTRICT]: Thank you.

R.R. at 64a-72a.

Following this discussion, the trial court signed the following order:

AND NOW, to wit, this 4th day of November, 2021, the Plaintiff[s] having moved the Court to dismiss their claim for damages and the Defendants having opposed same and also requested the claims for negligence and trespass filed against the Defendants be dismissed; and after due consideration of the above, it is hereby ORDERED, ADJUDGED and DECREED as follows:

7

1. The Motion to waive all claims for damages on behalf of Plaintiff[s] against Defendants in this matter is hereby granted.

**2. The Counts in the Complaint of Negligence and Trespass are hereby dismissed.**

3. This matter is referred to a Chancellor in equity for final resolution.

4. The parties are given thirty (30) days to file any and all dispositive Motions, i.e[.,] Motions for Summary Judgment, and responding parties are given twenty (20) days thereafter to file a Response thereto.

R.R. at 77a-78a (emphasis added). The trial court also entered an order on November 8, 2021, dismissing all claims against the District with prejudice, "including but not limited to negligence and trespass." *Id.* at 7a. The Fagans did not appeal either of the trial court's orders. *Id.*

On December 7, 2021, the Authority filed a motion for summary judgment. R.R. at 164a. In its motion, the Authority asserted, relevant to the present appeal, that the trial court should dismiss the Fagans' remaining equitable claims against the Authority because the Authority is entitled to governmental immunity against those claims. *See id.* at 170a-73a. Although the Fagans filed a brief in opposition to the Authority's motion for summary judgment on February 9, 2022, the Fagans did not file any dispositive motions or an answer to the Authority's motion for summary judgment. *See id.* at 7a.

After oral argument, the trial court denied the Authority's motion for summary judgment. R.R. at 174a. In its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, the trial court opined that local government agencies are not entitled to immunity from equitable relief. *Id.* at 176a. The Authority filed a timely appeal to this Court.

8

On appeal, the Authority argues the trial court should have granted its motion for summary judgment because: (1) it is entitled to governmental immunity and the Fagans did not establish an exception to its immunity, (2) the trial court did not address the Authority's primary immunity argument and provided no basis for denying its motion, (3) the Fagans cannot prevail on any tort claims that may have survived the trial court's November 4, 2021 order, and (4) the Fagans failed to establish the elements of their remaining equity claims.

## II.     Analysis

In reviewing the trial court's decision to grant or deny summary judgment, we consider that

> this Court's standard of review is de novo and our scope of review is plenary.  A trial court should grant summary judgment only in cases where the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  The moving party has the burden to demonstrate the absence of any issue of material fact, and the trial court must evaluate all the facts and make reasonable inferences in a light most favorable to the non-moving party.  The trial court is further required to resolve any doubts as to the existence of a genuine issue of material fact against the moving party and "may grant summary judgment only where the right to such a judgment is clear and free from doubt." . . . An appellate court may reverse a grant [or denial] of summary judgment only if the trial court erred in its application of the law or abused its discretion.

*Bourgeois v. Snow Time, Inc.*, 242 A.3d 637, 649-50 (Pa. 2020) (internal citations omitted).

### A. The trial court's order dated November 4, 2021

As a preliminary matter, we must address the parties' differing positions about the effects of the trial court's order dated November 4, 2021.  The Authority bases its arguments in this appeal upon a belief that the trial court dismissed the counts of trespass and negligence in the Fagans' Complaint, leaving only the Fagans' equitable

9

claims of ejectment and injunctive relief. *See generally* Authority's Br. The Fagans base their arguments in this appeal upon a belief that they only withdrew their request to seek relief in the form of monetary damages and that their trespass claim remains, limited to a request for removal of the Sewer Line. *See generally* the Fagan's Br.

The transcript of the November 4, 2021 proceeding, which we quoted at length above, illustrates the trial court's reasoning and intention to dismiss the Fagans' counts of negligence and trespass, not merely the Fagans' request for damages. The trial court's subsequent written order, dated November 4, 2021, also unambiguously states "[t]he Counts in the Complaint of Negligence and Trespass are hereby dismissed." R.R. at 78a. Additionally, at the time set for trial, the only claims remaining against the District were negligence and trespass. After the November 4, 2021 proceedings, the trial court dismissed all claims against the District with prejudice, "including but not limited to negligence and trespass." R.R. at 7a. The Fagans did not appeal or otherwise challenge either of the trial court's orders dismissing their counts of negligence and trespass.

Thus, we reject the Fagans' attempt to rewrite history. The trial court clearly dismissed Counts I and II of the Fagans' Complaint (trespass and negligence, respectively), leaving only Counts III and IV (ejectment and injunctive relief, respectively). *See* R.R. at 17a-21a. As a result, we need only evaluate the Authority's arguments on appeal with respect to the counts of the Fagans' Complaint which request equitable relief. Additionally, because the Fagans' tort claims did not survive the trial court's orders, it is immaterial whether the Fagans could have prevailed on those claims. Therefore, we do not need to consider the Authority's third issue on appeal.

10

### B. Collateral Review

Next, we must evaluate whether we have jurisdiction to review the Authority's remaining issues on appeal. The Authority concedes the trial court's order denying the Authority's motion for summary judgment is not a final order, but asserts it is appealable as a collateral order under Pennsylvania Rule of Appellate Procedure 313 (Rule 313). Rule 313, titled "Collateral Orders," states:

> **(a) General Rule.** An appeal may be taken as of right from a collateral order of a trial court or other government unit.
>
> **(b) Definition.** A collateral order is an order [(1)] separable from and collateral to the main cause of action where [(2)] the right involved is too important to be denied review and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa. R.A.P. 313(b) (bold in original, clause numbers added).

"The appealability of an order under the [Rule] 313 collateral order doctrine presents a question of law, over which our standard of review is *de novo* and our scope of review is plenary." *Brooks v. Ewing Cole, Inc.*, 259 A.3d 359, 365 (Pa. 2021) (citation omitted) (italics added). In other words, in considering the proper meaning of a given rule of law on appeal, we do not defer to the Board's own conclusions of law, and we review the entire record with a fresh pair of eyes. "The collateral order rule is to be applied narrowly, inasmuch as it is an exception to the rule of finality." *Colonial Sch. Dist. v. Montgomery Co. Bd. of Assessment Appeals*, 232 A.3d 1051, 1056 (Pa. Cmwlth. 2020) (citation omitted).

In *Brooks*, the Pennsylvania Supreme Court determined that orders denying motions for summary judgment based on asserted immunity defenses fulfill the requirements of Rule 313 and are, therefore, appealable collateral orders. *See Brooks*, 259 A.3d at 371-75. As a result, to the extent the trial court's order denied

the Authority's motion for summary judgment on the basis of the Authority's governmental immunity, we conclude that the trial court's order is an appealable collateral order. Therefore, we have jurisdiction to consider the Authority's first and second issues on appeal.[1]

In its fourth issue on appeal, however, the Authority seeks review of whether the trial court erred in denying its motion for summary judgment on the basis that the Fagans failed to establish the elements of their remaining equity claims. We cannot evaluate this issue without first separately determining if this portion of the trial court's order meets Rule 313's requirements for collateral review. *See Rae v. Pa. Funeral Dirs. Ass'n*, 977 A.2d 1121, 1128 (Pa. 2009) ("[W]e hold the collateral order rule's three-pronged test must be applied independently to each distinct legal issue over which an appellate court is asked to assert its jurisdiction pursuant to Rule 313.").

With respect to the Fagans' ability to establish the elements of their remaining equity claims, we conclude the trial court's order denying summary judgment fails the first prong of Rule 313's collateral order test. Under the first prong of Rule 313(b)'s collateral order test, "an order is separable from the main cause of action if 'it can be resolved without analysis of the merits of the underlying dispute' and if it is 'entirely distinct from the underlying issues in the case.'" *Shearer v. Hafer*, 177 A.3d 850, 858 (Pa. 2018) (quoting *Commonwealth v. Blystone*, 119 A.3d 306, 312 (Pa. 2015)). Here, whether the Fagans can establish the elements of their equity

---

[1] In addition to this direct appeal, the Authority initially filed a Petition for Permission to Appeal the trial court's order, limited to the trial court's denial of its motion for summary judgment on the basis of its purported governmental immunity. In denying the Authority's Petition for Permission to Appeal and permitting this direct appeal to proceed, this Court similarly determined the "trial court's March 4, 2022 order is immediately appealable as of right as a collateral order under [Rule 313] and *Brooks*." *Fagan v. Bell Acres Mun. Auth.*, (Pa. Cmwlth., No. 439 C.D. 2022, filed August 24, 2022).

claims goes directly to the merits of the underlying dispute. Therefore, to the extent the trial court's order denies the Authority's motion for summary judgment on the basis that the Fagans failed to establish the elements of their remaining equity claims, it is not an appealable collateral order under Rule 313. As a result, we do not have jurisdiction to consider the Authority's fourth issue on appeal.

### C. Governmental Immunity

Because the Authority's two remaining issues on appeal rely upon its belief that governmental immunity shields it from the Fagans' equitable claims, we begin by examining the Authority's governmental immunity. There is no dispute in this matter that the Authority is a local agency.[2] Section 8541 of the Judicial Code provides the limited circumstances in which a local agency has immunity, stating "no local agency shall be liable for any **damages on account of any injury** to a person or property caused by any act of the local agency or an employee thereof or any other person," unless there is an exception to that immunity in Section 8542 of the Judicial Code. *See* 42 Pa.C.S. §§ 8541, 8542 (emphasis added). Thus, a local agency is only immune from certain claims for damages on account of an injury and is not immune to all other claims. *See id.*

In denying the Authority's motion for summary judgment, the trial court determined the Authority is not entitled to immunity from the Fagans' remaining claims because the Fagans seek equitable relief, not damages on account of an injury. *See* R.R. at 176a. Likewise, this Court has long held that parties may pursue claims seeking equitable relief against local agencies, because those claims are not claims for damages for which local agencies may enjoy immunity. *See E.Z. Parks, Inc. v. Larson*, 498 A.2d 1364, 1369 (Pa. Cmwlth. 1985) ("Since governmental immunity

---

[2] Section 8501 of the Judicial Code defines the term "local agency" as "[a] government unit other than the Commonwealth government." 42 Pa.C.S. § 8501.

under Section 8541 of the Judicial Code extends only to liability for *damages*, [the p]etitioner must be permitted to pursue his claim against the Authority for injunctive relief.") (citations omitted, emphasis in original); *Rawlings v. Bucks Cnty. Water & Sewer Auth.*, 702 A.2d 583, 587 (Pa. Cmwlth. 1997) ("Governmental immunity is applicable only to claims that seek damages. Therefore, [the l]andowners' action in ejectment, not seeking damages, is not barred.").

In *Rawlings*, landowners filed an action in ejectment against a local agency and sought to force the local agency to remove improvements that it erected upon the landowners' property without their permission. *Rawlings*, 702 A.2d at 584. Even though the landowners, if successful in their ejectment claim, would have forced the local agency to expend funds and take affirmative actions (i.e. removal of a structure), this Court determined the landowners' ejectment claim was an equitable claim, not a claim seeking damages on account of an injury. *Id.* at 586-87. As a result, this Court concluded the local agency was not immune from the landowners' ejectment claim. *Id.* (citing 42 Pa.C.S. § 8541).

The Fagans' only remaining claims are equitable claims for ejectment and injunctive relief. Although the actions the Fagans request (removal of the Sewer Line from the Property) would cause the Authority to take affirmative actions and expend resources, the Fagans' equitable claims, like the ejectment claim in *Rawlings*, are not claims for damages on account of an injury.[3] Therefore, like in

---

[3] The Authority relies upon this Court's decision in *Swift v. Department of Transportation*, 937 A.2d 1162, 1168 (Pa. Cmwlth. 2007), to support its argument that a claim for injunctive relief that would require affirmative action is equivalent to a claim for damages. *See* Authority's Br. at 13-16. The Authority's reliance upon *Swift* is misplaced. *Swift* involved the sovereign immunity of the Department of Transportation, a Commonwealth agency. Unlike governmental immunity, which only protects local agencies from certain claims for damages, sovereign immunity protects Commonwealth agencies from all claims except certain claims for damages. *Compare* 42 Pa.C.S.
**(Footnote continued on next page…)**

14

*Rawlings*, the Authority is not immune from the Fagans' equitable claims. *See Rawlings*, 702 A.2d at 586-87; 42 Pa.C.S. §§ 8541-8542. As a result, the Authority's two remaining issues on appeal, each of which asserts the Authority is immune from the Fagans' equitable claims, necessarily fail.

### III.    Conclusion

For the reasons set forth above, the Authority's governmental immunity does not extend to equitable claims, including equitable claims seeking affirmative action by way of injunctive relief. Therefore, we affirm the trial court's order denying the Authority's motion for summary judgment on the basis of governmental immunity.

_____
STACY WALLACE, Judge

---

§§ 8521-8522, 8541-8542. As a result, *Swift* is not directly applicable to this matter. In addition, in *Swift* we affirmed the trial court's determination that the Department of Transportation was immune from an equitable claim, noting "[t]he General Assembly has not waived immunity for equitable claims seeking affirmative action by way of injunctive relief." *Id.* at 1167-68, 1173. Thus, in *Swift*, we held that an equitable claim seeking affirmative action by way of injunctive relief was not a claim for damages on account of an injury, which is consistent with this Court's governmental immunity decisions. *See, e.g.*, *E.Z. Parks*, 498 A.2d at 1369.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul F. Fagan and D. Mai-Lan Fagan, husband and wife, and Railroad Street Holdings, L.P., f/k/a Fagan Investments, L.P.

       v.

Bell Acres Municipal Authority, Quaker Valley School District, 2009 Camp Meeting Trust a/k/a The 2009 Campmeeting Road Trust, Jennifer Ashley Wiebe as Trustee of 2009 Camp Meeting Trust a/k/a The 2009 Campmeeting Road Trust, and Schneider Services, Inc.

       v.

Shoup Engineering, Inc., Kicinski Environmental Services, LLC, and Composite Design, Inc.

Appeal of: Bell Acres Municipal Authority

:
:
:
:
:
:
: No. 322 C.D. 2022
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## **O R D E R**

**AND NOW**, this 17th day of January 2024, because Bell Acres Municipal Authority's governmental immunity does not extend to Appellees' equitable claims, the order of the Court of Common Pleas of Allegheny County dated March 4, 2022, and filed March 7, 2022, is hereby **AFFIRMED**.

 

_____
STACY WALLACE, Judge