IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thermuthis Lee, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 881 C.D. 2019 |
| | : | Submitted: April 8, 2025 |
| Philadelphia Housing Authority, | : | |
| Leonard Petiolichio, Kelvin | : | |
| Jeremiah, Janae Jordan, Barbara | : | |
| Adams, and Andrew Kenis | : | |

BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE LORI A. DUMAS, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  May 5, 2025


        Thermuthis Lee (Appellant) appeals *pro se* from the Order of the Court
of Common Pleas of Philadelphia County (trial court), dated July 3, 2018, which
sustained the preliminary objections of the Philadelphia Housing Authority (PHA)
and Leonard Petiolichio,[1] Kelvin Jeremiah, Janae Jordan, Barbara Adams, and
Andrew Kenis (collectively, Appellees).  The trial court dismissed the case upon
Appellees' motion for dismissal pursuant to Pennsylvania Rule of Civil Procedure

---

[1] Upon our review of the record we discerned a discrepancy regarding this Appellee's name: the trial court below and Appellant's Notice of Appeal, as well as the United States District Court for the Eastern District of Pennsylvania and the Third Circuit Court for the United States Court of Appeals in a related matter, referred to this Appellee as Leonard *Petrolichio*, while the Superior Court's opinion and caption transferring this matter to our Court refers to a Leonard *Petiolichio*.  Any inconsistencies in the body of this opinion are the result of this discrepancy.

233.1, Pa.R.Civ.P. 233.1, while also barring Appellant from "filing additional *pro se* litigation against [Appellees] raising the same or related claims without leave of [the trial court]." Trial Court's 7/3/18 Order. Upon review, we affirm.

The instant controversy arises from a personal injury complaint (Complaint) filed in the trial court by Appellant on February 27, 2018. In some form or another, Appellant has related the underlying background as follows. Appellant is a former PHA resident who still resides at 4330 Carlisle Street, Philadelphia, Pennsylvania. Complaint ¶1.[2] Although her PHA tenancy expired nearly 10 years before filing the Complaint, Appellant alleges that she was assaulted by a neighboring PHA tenant. *Id.* While the tenant she accused of assault was acquitted, Appellant believes that the PHA had a duty to evict the tenant and to provide her with evidence to substantiate her claims of assault. *Id.* ¶¶2-14. Since this event, Appellant believes, *inter alia*, that the PHA has retaliated by permitting, or at the very least negligently permitting, neighboring PHA residents to commit violations of their respective leases – amounting to nuisance – and to thereby interfere with Appellant's use and enjoyment of her property as she attempts to obtain a necessary organ transplant. *Id.* ¶¶15-50. Appellant asked the trial court to "right all of the PHA's wrongs" by granting her possession of the neighboring property, 4332 Carlisle Street, and awarding her $10,000,000.00 as relief. *Id.* ¶50.

These events have led to a number of filings in the trial court. Relevant now, on August 4, 2016, Appellant filed a similar complaint (2016 Complaint) in the trial court against two of the same Appellees here. *See* Appellees' S.R. at 60-71. As above, Appellant averred that employees of the PHA retaliated against Appellant following her alleged assault by one of their tenants. *See, e.g.*, 2016 Complaint ¶¶1-

---

[2] The Complaint can be found in Appellees' Supplemental Reproduced Record (S.R.) at 28-39.

2

7. So too, their retaliation took the form of permitting neighboring occupants to interfere with the enjoyment and use of her property by committing lease violations (amounting to nuisance) while hampering her ability to seek out an organ transplant. *Id*. ¶¶8-30. As above, Appellant seeks possession of the neighboring unit and compensatory and punitive damages. *Id*. ¶¶25-26.

Before the trial court resolved the matter, Appellant amended the 2016 Complaint to include a 42 U.S.C. §1983 claim and the matter was removed to the United States District Court for the Eastern District of Pennsylvania. Appellees' S.R. at 70-71; *see Lee v. Petrolichio* (E.D. Pa., No. 2:16-cv-5631, filed December 29, 2016). Judge Legrome D. Davis dismissed Appellant's claims with prejudice upon a Federal Rule of Civil Procedure 12(b)(6), Fed.R.Civ.P. 12(b)(6), motion, reasoning that, measured against Pennsylvania's statute of limitations as required by 42 U.S.C §1988, Appellants claims had long surpassed that two-year statute of limitations established under Section 5524(1) of the Judicial Code, 42 Pa. C.S. §5524(1). Slip op. at 3. However, Judge Davis added that "[e]ven if the statute of limitations had not run, there are no factual allegations in the complaint to support a Section 1983 claim . . . ." *Id*. Having dismissed the sole federal claim in the matter, Judge Davis declined to exercise supplemental jurisdiction over Appellant's state law claims, opting to summarily dismiss the claims instead. *Id*. at 4. A panel of the Third Circuit Court of Appeals affirmed in a *per curiam* opinion and order issued on September 21, 2017. *See Lee v. Petrolichio*, 697 F. App'x 112 (3d Cir. 2017) (Mem.).

Procedurally, the trial court summarized the relevant facts regarding the instant Complaint as follows:

> [Appellant] averred PHA and its staff failed to
> properly address her various complaints. For instance,

3

[Appellant] claims PHA negligently failed to investigate and evict a tenant who allegedly assaulted [Appellant], despite numerous administrative requests. [Appellant] also claimed PHA failed to properly maintain its property. Notably, the Complaint does not aver [Appellant] is a tenant of PHA or that they have a contractual relationship.

[Appellees] filed Preliminary Objections in the nature of a motion to dismiss pursuant to Pa.R.Civ.P. 233.1, demurrer, lack of standing, and sovereign immunity. This Court issued an order on July 3, 2018 sustaining the Preliminary Objections, dismissing the case and barring [Appellant] from filing any further *pro se* cases against PHA or its employees raising the same or related claims without leave of court. That order is the subject of this appeal.

Between 2015 and 2018, [Appellant] has filed nine *pro se* lawsuits in Philadelphia County, many of which were against PHA and/or involved the issues identical or related to the present appeal. Each have reached final disposition. For instance, one such case, *Lee v. Petrolichio* (Philadelphia Court of Common Pleas docket number 160800581) involved allegations substantially similar to the instant matter asserted against [two individual Appellees]. [Appellant's] Amended Complaint was removed to the Eastern District of Pennsylvania due to a claim under 42 U.S.C. § 1983. On December 29, 2016, the Hon. Legrome Davis entered an order and memorandum granting PHA's Motion to Dismiss, finding [Appellant] did not state a cognizable claim under federal law. The Third Circuit affirmed. Judge Davis' memorandum did not address the pendent state claims.

Trial Court's Opinion, 9/4/18, at 1-2. Because the claims asserted by Appellant were rationally related to the nine *pro se* claims[3] filed in the trial court and resolved by that court or the United States District Court for the Eastern District of Pennsylvania,

---

[3] Although the trial court noted that Appellant has filed no fewer than nine matters relating to these events, Trial Court's Opinion at 2, aside from the 2016 Complaint, no other filings are included in the record before us.

4

the trial court believed it "properly dismissed [Appellant's] lawsuit and barred further *pro se* litigation against the same defendants." *Id*. at 3-4. The trial court also found that Appellant failed to state any cognizable claim. *Id*. Thereafter, Appellant filed the instant, timely appeal.[4]

Before this Court, Appellant asserts that the trial court erred by dismissing Appellant's Complaint and granting Appellees' motion to bar Appellant

---

[4] Appellant initially filed her appeal in the Superior Court of Pennsylvania. In a decision filed on April 30, 2019, the Superior Court transferred this matter to our Court. *Lee v. Petiolichio* (Pa. Super., No. 2120 E.D.A. 2018, filed April 30, 2019) (citing Pa.R.A.P. 751(a) ("If an appeal or other matter is taken to or brought in a court . . . which does not have jurisdiction of the appeal or other matter, the court . . . shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of the Commonwealth . . . .")). Although matters involving local agencies are excepted from this Court's original jurisdiction and must originate in the courts of common pleas, *see Blount v. Philadelphia Parking Authority*, 955 A.2d 226, 229 (Pa. 2009), Section 762(a)(1)(i) of the Judicial Code, 42 Pa. C.S. §762(a)(1)(i), provides that the Commonwealth Court has exclusive jurisdiction over appeals from final orders of the court of common pleas involving commonwealth civil cases.

Here, our Supreme Court has previously considered the PHA to be a local agency, such that claims involving the agency must begin in the courts of common pleas. Thus, this Court possesses appellate jurisdiction over the present matter. *See T&R Painting Co., Inc. v. Philadelphia Housing Authority*, 353 A.2d 800, 801-02 (Pa. 1976) (PHA is a local agency subject to suit in Philadelphia's trial courts); *James J. Gory Mechanical Contracting, Inc. v. Philadelphia Housing Authority*, 855 A.2d 669, 675-76 (Pa. 2004) ("[W]e find that [*T&R Painting Co.*] applies just as strongly today as it did [in 1976]."); *see also Battle v. Philadelphia Housing Authority*, 594 A.2d 769, 770 (Pa. Super. 1991) (wherein the Superior Court retained appellate jurisdiction over the matter, for the sake of judicial economy, although it believed the Commonwealth Court was the more appropriate appellate forum for resolution of sovereign immunity issues raised by the PHA).

from filing the same or similar complaints against Appellees pursuant to Rule 233.1.[5, 6] Appellant's Brief at 2-3.

Preliminarily, the Supreme Court developed Rule 233.1 because "certain litigants [were] abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims" had been previously adjudicated. Explanatory Comment to Pa.R.Civ.P. 233.1. In particular, the Supreme Court sought to provide defendants with a mechanism to "curb this type of abuse" by *pro se* plaintiffs who are not subject to the rules of disciplinary procedure like attorneys are. *Id.* Stated differently, this rule serves to suppress "the potential manipulation of the legal process by those not learned in its proper use, [by] seeking to establish accountability for *pro se* litigants commensurate with that imposed upon members of the Bar." *Gray v. Buonopane*, 53 A.3d 829, 835 (Pa. Super. 2012).[7] The rule provides in relevant part:

---

[5] Two of the issues raised by Appellant – those relating to Rule 233.1 – have been fairly combined for ease of discussion. However, Appellant also argues that the trial court erred by holding that Appellant failed to state any cognizable claim. Appellant's Brief at 2. Given our disposition here, we need not reach the merits of this issue.

[6] "[O]ur review of a trial court's order granting a motion for dismissal under [Rule 233.1] is limited to determining whether the trial court abused its discretion. However, our review of the trial court's interpretation of a rule of civil procedure is *de novo*." *Moyer v. PPL Electric Utilities Corporation* (Pa. Cmwlth., No. 587 C.D. 2019, filed October 23, 2020), slip op. at 5 n.6 (citations omitted). Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[7] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

> (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

> (2) those claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

* * *

(c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

Pa.R.Civ.P. 233.1(a), (c).

Rule 233.1 "merely requires that the parties and the claims raised in the current action be '*related*' to those in the prior actions and that those prior claims have been '*resolved*.'" *Gray*, 53 A.3d at 836 (emphasis in original). While this Court has had relatively few occasions to examine this Rule of Civil Procedure and to assess what constitutes a "related" or a "resolved" claim, *see Moyer*, slip op. at 11, the Superior Court has explained that its application is "substantially less exacting" than that of *res judicata* or collateral estoppel. *Gray*, 53 A.3d at 835-36. As such, Rule 233.1 does not require identity of parties but only "requires a rational relationship evident in the claims made and in the defendant's relationships with one another to inform the trial court's conclusion that the bar the Rule announces is justly applied." *Id*. at 836, 838. Further, a claim is resolved for purposes of Rule 233.1 when the *pro se* litigant has been availed of her chance to address the claim raised

7

in her complaint "subject to the safeguards that attend a court proceeding." *Id.* at 836. Thus, Rule 233.1 does not require a final judgment on the merits to be properly applied. *Id.*

Appellant primarily challenges the notion that her claims have been resolved by court proceedings, while appearing to concede that the claims she raises now are related to the claims she has pursued in the trial court since 2015. *See* Appellant's Brief at 12 ("This 'same or similar' case currently before the court are [sic] the same or similar PHA lease violations [that opposing] counsel has attempted to move the court to dispose of . . . ."). Thus, Appellant asserts that the complaints she filed in the trial court – some of which were removed to the federal courts – culminated in dismissal for failure to state a claim upon which relief could be granted, such that "the same or similar complaints . . . remain unresolved and ongoing . . . ." Appellant's Brief at 9. If her complaints had been truly resolved, Appellant posits, then the complained of lease violations would have ceased. *Id.* at 10. However, Appellant also offers that although she could not substantiate her claims in the earlier legal proceedings, she can do so now. *Id.* at 13.

To the extent that Appellant did not concede that the claims involved in the 2016 Complaint and the instant Complaint are the same or similar, we have no difficulty concluding as much. While Appellant styled her 2016 Complaint as raising "wrongful use of civil process," *see* Appellees' S.R. at 62, and the instant matter as sounding in "personal injury," *id.* at 28, the content of the claims are virtually identical. In other words, there is a rational relationship between the 2016 Complaint's allegations, *e.g.*, a purported assault by a PHA tenant leading to "retaliation" by the PHA and/or its employees and tenants causing an interference in the use and enjoyment of Appellant's property, and the instant Complaint alleging

8

the same. Likewise, the Appellees involved now are either identical to the parties involved in the 2016 Complaint or related by virtue of their relationship with the PHA. Thus, the claims are "the same or similar" for purposes of Rule 233.1 such that the trial court's discretion to apply Rule 233.1 was properly informed.

Similarly, the claims were resolved within the meaning of Rule 233.1. Appellant's argument primarily asserts that because she believes she is still suffering from the ongoing violations of her neighboring tenants' leases and that the PHA was fraudulently involved in the acquittal of the man who allegedly perpetrated her assault, the instant matter has not been resolved. However, as indicated, our inquiry does not even ask whether there has been a judgment on the merits, *Gray*, 53 A.3d at 836, let alone whether Appellant's claims have been resolved according to her satisfaction. We are tasked only with assessing whether Appellant has availed herself of the safeguards attendant to a court proceeding. As evidenced by Judge Davis's opinion and order dismissing all state and federal claims, as well as her appeal to the Third Circuit, she clearly has. *See Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014). We observe that, under Section 5103(b)(1)-(2) of the Judicial Code, 42 Pa. C.S. §5103(b)(1)-(2), Appellant could have transferred her 2016 Complaint from the federal courts, which declined to exercise supplemental jurisdiction over the state claims, back to the trial court by "filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth." *Id*. §5103(b)(2). *See also Shaffer v. Fayette County of Pennsylvania*, 163 F. Supp. 3d 280, 298 (W.D. Pa. 2016). That Appellant did not do so does not mean that she has nullified the procedural safeguards attendant to the earlier court proceedings.

Thus, in this matter, we can discern no error in the exercise of the trial court's discretion. Rather, Appellant, a *pro se* litigant, raised a sufficiently similar claim as one raised in 2016. Because that claim was resolved for purposes of Rule 233.1, the trial court properly dismissed the instant Complaint and barred Appellant from filing further litigation pertaining to this matter without leave of the trial court.

Accordingly, the trial court's order is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thermuthis Lee, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : No. 881 C.D. 2019 |
| | : | |
| Philadelphia Housing Authority, | : | |
| Leonard Petiolichio, Kelvin | : | |
| Jeremiah, Janae Jordan, Barbara | : | |
| Adams, and Andrew Kenis | : | |

O R D E R

AND NOW, this 5th day of May, 2025, the Order of the Court of Common Pleas of Philadelphia County dated July 3, 2018, is **AFFIRMED**.

_____
MICHAEL H. WOJCIK, Judge